IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TIMOTHY WADE JACKSON                                                PLAINTIFF

v.                         Civil No. 4:23-cv-04006

CAPTIAN GOLDEN ADAMS;
JAIL ADMINISTRATOR ALICE MILLER;
CONNIE MITCHELL; CONNOR HAROLD;
LOUIS WHITE; JAMES ROSS; JAMES HEATH;
and SERGEANT JASON GUTHRIE                      DEFENDANTS

## REPORT AND RECOMMENDATION

Plaintiff, Timothy Wade Jackson, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a). Pursuant to § 1915A(a), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I.    BACKGROUND

Plaintiff filed his original Complaint and Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") on February 1, 2023. (ECF No. 1, 2). The Court granted Plaintiff's IFP Motion on the same date. (ECF No. 3). Plaintiff filed an Amended Complaint on February 15, 2023. (ECF No. 6).

In his Complaint, Plaintiff first alleges his constitutional rights were violated because he is being "unlawfully held and falsely accused." (ECF No. 6, p. 4). Specifically, Plaintiff claims Connie Mitchell, the deputy prosecuting attorney; Connor Harold, the public defender; Louis White, the area 12 assistant manager; and James Ross and James Heath, both criminal investigators, all acted under color of law to falsely accuse and imprison him. *Id.* Plaintiff then claims that Captain G. Adams, Lieutenant Alice Miller, Lieutenant J. Gutherie, Connie Mitchell, Connor Harold, Louis Whitey, James Ross, James Heath all knew of these actions and did not "correct the matter." *Id*. at 5.

Plaintiff next alleges his constitutional rights were violated by:

> Slandering of name, false imprisonment, defamation of character; mental anguish; loss of wages; racial profiling, punitive; I Timothy W. Jackson went to the appropriate authorities about this matter [neither] one did anything to resolve this problem[.] I Timothy Wade Jackson spoke with Captain Adams; Lt. Alice Miller; Connie Mitchell; Connor Harold; Louis White; James Ross; James Heath; Lt. Jason Guthrie and [neither] one acknowledge what I showed and point out to them in my Motion for Discovery . . .

*Id.* at 6-8. All of Plaintiff's second set of claims are also related to his arrest, criminal prosecution, and imprisonment. *Id.*

Finally, Plaintiff claims his trial counsel failed to move for a "downward departure of variance" and this failure constitutes ineffective assistance of counsel. *Id.* at 7. Plaintiff asserts all of his claims against the named defendants in both their individual and official capacities.

## II. APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

The facts set forth by Plaintiff here do not support any plausible cause of action for relief under 42 U.S.C. § 1983. To state a claim under Section 1983, the Plaintiff must allege his constitutional rights were violated and show the defendant acted under color of state law in perpetrating the alleged violation. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Sanders v. City of Minneapolis, Minn.,* 474 F.3d 523, 527 (8th Cir. 2007) (private actors can only be liable under Section 1983 if "they are willing participants in a joint action with public servants acting under color of state law.") (internal citations omitted). "The conduct of counsel, either retained or appointed, in representing clients, does not constitute action under color of state law for purposes of a Section 1983 violation." *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990). *See also Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding "a public defender does not act under color

3

of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"). Accordingly, Plaintiff's complaints, regarding the representation by his counsel in his criminal trial, do not constitute cognizable claims under 42 U.S.C. § 1983.

Furthermore, Plaintiff is claiming ineffective assistance of counsel, false accusations, and false imprisonment. These are all challenges to the validity of Plaintiff's criminal conviction. Plaintiff may not use Section 1983 as a substitute for *habeas* relief, instead, he must pursue such claims through the proper avenue of 28 U.S.C. § 2254. *See e.g., Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003) ("Section 2254 is the only means by which 'a person in custody pursuant to the judgment of a State court' may raise challenges to the validity of his conviction or sentence or to the execution of his sentence.") (quoting *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001)).

Finally, Plaintiff's claims seek damages for an unconstitutional conviction or imprisonment, and such claims are barred unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff has produced no evidence or allegations in his complaint to meet the *Heck* requirements.

Moreover, without a cognizable constitutional violation alleged, there can be no official capacity claim against the employer. *Morris v. Cradduck,* 954 F.3d 1055, 1060 (8th Cir. 2020) *Sanders v. City of Minneapolis, Minn.,* 474 F.3d 523, 527 (8th Cir. 2007) (citing *City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986)).

## IV. CONCLUSION

For these reasons, it is recommended:

(1) the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(2) Plaintiff be warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk be directed to place a § 1915(g) strike flag on the case for future judicial consideration; and

(3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of March 2023.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

5